### STATE OF CONNECTICUT *v.* MARVIN LEE JONES (2926)

DUPONT, C. J., HULL and BORDEN, Js.

---

Argued April 8—decision released June 24, 1986

*John F. Kavanewsky, Jr.,* with whom was *Hillary E. Zitter,* for the appellant (defendant).

*Harry Weller,* special assistant state's attorney, with whom, on the brief, were *John M. Bailey,* state's attorney, *Dennis O'Connor,* assistant state's attorney, *James G. Clark,* deputy assistant state's attorney, and *Mary Glassman,* law student intern, for the appellee (state).

BORDEN, J. The defendant appeals from the judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70. The sole issue is whether the trial court erred in excluding the defendant's offer of evidence of the victim's reputation pursuant to General Statutes § 54-86f (4), which is the "constitutional rights" portion of the rape shield statute. We find no error.

From the state's evidence, the jury could reasonably have found the following facts: The victim and the defendant met in a bar on a winter evening where the defendant initiated a conversation with her. The victim declined the defendant's offer to smoke marihuana and went outside to get some air. The defendant followed her, forced her into his car and drove her to a

park where he sexually assaulted her. When the defendant's car became stuck in deep snow, he left the car to shovel it out. The victim escaped and ran through the park to a police cruiser. The police officer returned with the victim to the defendant's car and arrested the defendant.

The defendant testified essentially as follows: The victim approached him in the bar and initiated a conversation with him. She accompanied him to his car and they drove to the park at her request. On the way, she hugged and kissed him, and when they arrived at the park they engaged in consensual sexual intercourse and smoked marihuana. The victim asked to borrow twenty dollars from the defendant to buy food for her child, but he said that he did not have any money. She then asked to go home to her child. When the defendant's car got stuck in the snow, the victim helped him try to shovel the car out. The defendant told the victim that he would not leave his car but that she could walk home if she wished. She left.

In the absence of the jury, the defendant made an offer of proof of the testimony of a defense witness, Alvin Albert. On appeal, the defendant challenges the court's exclusion of the following portion of his offer of proof: Albert testified that he had known the victim for about four years and had had contact with her on about four occasions in that time period. He testified that "[h]er reputation in the community is that she dates black guys, Spanish men. In a bar or club, she'll approach you, you buy her a drink and then you have full liberty to do whatever you want when she comes out and says, 'Let's go and party.'" When asked "whether or not money is involved in these incidents occasionally?" he answered, "Off and on, on some occasions, yes." He also testified that her reputation for veracity about sexual conduct was that "[w]hen one guy

tells another guy, then she denies it and when she feels herself getting boxed up in the corner, she makes the threat of 'I am calling the police.' The only reason why she didn't call the police on me[1] is because she knew about the picture that I had of her when me and her were together, because she asked me for money that time and I told her no . . . .'' The trial court sustained the state's objection to Albert's testimony, but did permit him to give the jury his negative opinion of her reputation for truth and veracity generally.

The defendant claims that the court erred because the proffered testimony was admissible pursuant to General Statutes § 54-86f (4).[2] That statute provides that, in certain sexual assault prosecutions, "no evidence of the prior sexual conduct of the victim may be admissible unless such evidence is . . . (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights."

More particularly, he argues that the excluded evidence shows a pattern of behavior of the victim which corroborated the defendant's testimony that the sexual intercourse between them was consensual. Thus, he argues, exclusion of the evidence violated his constitutional right of confrontation and his due process right to call witnesses in his defense. See *State* v. *Cassidy,* 3 Conn. App. 374, 380, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985). He also argues that the proffered evidence regarding the vic-

---

[1] Albert had previously testified that he had a nude photograph of the victim taken after they had engaged in sexual relations. The photograph was marked for identification but was not offered into evidence.

[2] The defendant also raises a claim regarding testimony of Albert that, about three weeks before the trial, the victim had made a false complaint to the police about a man who had been at her apartment. Examination of the transcript, however, indicates that the defendant withdrew that offer because "[o]bviously, that [other case] hasn't been tried yet."

tim's moral character was so critical to her credibility that excluding it violated the same constitutional rights. We disagree.

First, the offer of proof consisted mainly of testimony about the victim's reputation for engaging in a pattern of meeting black or hispanic men in bars and consensually engaging in sex with them, sometimes involving money. General Statutes § 54-86f "limits proof to evidence of 'sexual conduct,' which phraseology . . . permit[s] only specific instances of conduct and prohibit[s] all proof of reputation or personal opinion of the victim's sexual conduct." Tait & LaPlante, Connecticut Evidence (1985 Sup.) § 8.3g, pp. 108–109. This reading of the statute, which was enacted "specifically to bar or limit the use of prior sexual conduct of an alleged victim of a sexual assault . . . for policy purposes"; *State* v. *Cassidy,* supra, 379; is consistent with the long standing judicial skeptical view about the reliability of reputation evidence. That view is that such evidence is usually based on hearsay, rumor and gossip. *State* v. *Gelinas,* 160 Conn. 366, 369, 279 A.2d 552 (1971); *Richmond* v. *Norwich,* 96 Conn. 582, 594, 115 A. 11 (1921). Requiring, as the statute does, that the strong policies of the statute be overcome only by evidence which does not have the inherent infirmity of reputation or lay opinion evidence, as in this case, can hardly be viewed as violating the defendant's constitutional rights to confront the victim or to present a defense.

Second, the gist of Albert's testimony about the victim's reputation for veracity concerning sexual conduct was that when one of her sexual partners would tell another man, she would become angry, deny the conduct and threaten to call the police. This testimony was so tangentially related, if at all, to the version offered by the defendant that it did not violate the defendant's

constitutional rights to exclude it. The defendant's testimony did not tend to establish the essential facts which Albert's testimony purported to establish, namely, that the victim caused the defendant to be arrested because he tarnished her reputation by kissing and telling. Similarly, the vague mention of money in Albert's testimony hardly qualifies for a constitutionally required fit with the defendant's testimony that the victim, after sexual intercourse, asked to borrow twenty dollars from him to buy food for her child. Neither the defendant's testimony nor the offer of proof of Albert's testimony tended to establish, as the defendant appears to argue, that the sexual intercourse was consensual because it was in exchange for money.

The defendant's final argument, namely, that the offer of proof established the victim's immoral character and thus critically affected her credibility, is without merit. The defendant was allowed the opportunity to impeach the victim's credibility with Albert's testimony regarding her reputation for veracity. We simply do not see, nor has the defendant explained, how Albert's opinion of her reputation regarding sexual conduct with others was "so relevant and material to" the victim's credibility on the issue of consent "that excluding it . . . violate[d] the defendant's constitutional rights." General Statutes § 54-86f (4). The cases from other jurisdictions on which the defendant relies either did not involve a rape shield statute like ours or are factually distinguishable.

There is no error.

In this opinion the other judges concurred.