## STATE OF CONNECTICUT v. JAMES C. DANIELS
### (4119)

DUPONT, C. J., HULL and SPALLONE, Js.

Argued June 3—decision released July 22, 1986

*Kerry A. Lawrence,* special public defender, for the appellant (defendant).

*Marcia B. Smith,* assistant state's attorney, with whom, on the brief, was *John A. Connelly,* state's attorney, for the appellee (state).

DUPONT, C. J. After a conviction by a jury of sexual assault in the first degree in violation of General Statutes § 53a-70, and threatening in violation of General Statutes § 53a-62, the defendant appeals and claims that the trial court erred in refusing to allow him to introduce evidence of the victim's prior sexual conduct.

The jury could reasonably have found the following facts. The fifteen year old victim was at her home with two male friends, both minors, when the defendant, who was twenty-one years old, arrived. Everyone smoked a joint of marihuana before going to the defendant's home. At his home, everyone drank some beer in the defendant's bedroom. After some time had passed, the defendant ordered one of the boys to undress the victim, threatening the boy with violence if he did not comply. With the victim seated on his bed and partially nude, the defendant ordered the two boys to leave the house. After the two boys left, the defendant threw the victim down on the bed, held her down, and proceeded to have sexual intercourse with her. The victim and the defendant then dressed and left the house. The next day, the victim and her mother went to the police and filed a complaint, resulting in the defendant's arrest shortly thereafter. The defendant denied having any sexual contact or intercourse with the victim on the day in question.

The court denied the defendant's motions to offer evidence of the victim's prior consensual sexual conduct with him. Offers of proof were made pursuant to Gen-

eral Statutes § 54-86f (3) and (4).[1] In the absence of the jury, the defendant testified that he had consensual intercourse with the victim three days prior to the date on which the sexual assault of which the defendant stands convicted took place. The defendant asserts that his right of confrontation of the witness was unduly restricted by the exclusion of such evidence because it would have shown that the victim was biased and had a motive to falsely accuse the defendant of sexual assault. After a lengthy colloquy during which the defendant had ample opportunity to link the prior conduct evidence to the issue of the victim's bias and motive, the trial court excluded the evidence as irrelevant. The defendant's argument focuses upon exception (4) of General Statutes § 54-86f, the "constitutional rights" subsection of the statute. See *Chambers* v. *Mississippi,* 410 U.S. 284, 295, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *State* v. *Jones,* 8 Conn. App. 44, 510 A.2d 467 (1986). His argument also involves subsection (3) of the same statute.

General Statutes § 54-86f provides: "no evidence of the prior sexual conduct of the victim may be admissible unless such evidence is . . . (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights." If the proffered testimony is not relevant to a material issue in the case, the defendant's right to confront his accuser is not affected. The fact that the victim may or may not have had prior consensual intercourse with the defendant indicates nothing about a motive to falsely accuse him of forcible sexual intercourse at a later time. See *State* v. *Franko,* 199 Conn. 481, 486–88, 508 A.2d 22 (1986); *State* v. *Esposito,* 192

---

[1] The defendant made two offers of proof, one prior to trial and the other during trial. The first related to allowing this testimony during his direct examination, and the second to allowing questions relating to this prior conduct during the cross-examination of the victim.

Conn. 166, 172, 471 A.2d 949 (1984); *State* v. *Cassidy,*
3 Conn. App. 374, 384, 489 A.2d 386, cert. denied, 196
Conn. 803, 492 A.2d 1239 (1985). This evidence was
not offered to show a recent pattern of conduct of a
particular mode of consensual sexual relationship. See
*State* v. *Cassidy,* supra, 384.

The right of the defendant to confront and cross-
examine witnesses against him is not absolute;
*Chambers* v. *Mississippi,* supra, 295; *State* v. *Franko,*
supra, 488; "but may bow to 'other legitimate inter-
ests in the criminal trial process.' *Chambers* v. *Missis-
sippi,* supra, 295; *State* v. *Vitale,* 197 Conn. 396, 401,
497 A.2d 956 (1985); *State* v. *Mastropetre,* 175 Conn.
512, 521, 400 A.2d 276 (1978). Such an interest is the
trial court's 'right, indeed, duty, to exclude irrelevant
evidence.' *State* v. *Mastropetre,* supra, 521; *State* v.
*Talton,* [197 Conn. 280, 283–85, 497 A.2d 35 (1985)];
*State* v. *Randolph,* 190 Conn. 576, 594, 462 A.2d 1011
(1983); *State* v. *Johnson,* [190 Conn. 541, 551, 461 A.2d
981 (1983)]; *State* v. *Gaynor,* 182 Conn. 501, 509 n.8,
438 A.2d 749 (1980). Since the defendant failed to estab-
lish that the testimony he sought to elicit was relevant
to a material issue in the case, he cannot complain that
his constitutional rights were violated when that tes-
timony was excluded. Accordingly, the trial court did
not err in prohibiting this inquiry." *State* v. *Franko,*
supra, 488.

The only aspect of the cross-examination of the vic-
tim restricted by the trial court was in regard to prior
sexual conduct between the victim and the defendant.
The cross-examination was otherwise virtually unre-
stricted, and the victim's testimony spanned a period
of two days. The defendant was permitted to question
the victim in detail about the events of the assault,
about events prior to the assault on that same date,
and about her subsequent revelation and reporting of
the assault. On this record, it cannot be said that the

cross-examination was insufficient for compliance with the sixth amendment to the United States constitution.[2]

The defendant failed to establish the relevance of the prior consensual sexual conduct, if it occurred at all, and failed to establish the probative value of such evidence. Rulings on relevancy are within the discretion of the trial court and upon review every reasonable presumption should be given in favor of the trial court's ruling. *State* v. *Howard,* 187 Conn. 681, 685, 447 A.2d 1167 (1982). The relevance of this evidence was " 'so slight and inconsequential that to admit it would distract attention which should be concentrated on vital issues of the case. *State* v. *Bassett,* 151 Conn. 547, 551, 200 A.2d 473 [1964].' *State* v. *Mahmood,* 158 Conn. 536, 540, 265 A.2d 83 (1969). We have reiterated that evidence is relevant only when it tends to establish the existence of a material fact or to corroborate other direct evidence in the case." *State* v. *Talton,* supra, 284–85. As the defendant has failed to establish the relevance of the proffered testimony to the issue of nonconsensual sexual intercourse, the testimony was properly excluded.

The defendant also claims that the trial court erred by excluding testimony offered under General Statutes § 54-86f (3), which allows the trial court to admit evidence of prior sexual conduct of the victim if other conditions of the statute are met, "when consent is raised as a defense by the defendant . . . . " The defendant argues, in essence, that the statute cannot be read to exclude such evidence in cases where consent has not been raised as a defense since such a reading would be an overly restrictive interpretation of its language

---

[2] The sixth amendment to the United States constitution provides in relevant part: "In all criminal prosecutions, the accused shall enjoy the right . . . to be confronted with the witnesses against him . . . . "

and put the defendant in an unfair position.[3] In the present case, the defense of consent was not raised by the defendant, but rather, he denied the occurrence of any sexual intercourse on the date on which the sexual assault was alleged to have occurred.

In *State* v. *Mastropetre,* supra, a defendant charged with sexual assault denied sexual contact with the victim but claimed that the victim's prior sexual conduct was relevant on the issue of consent to intercourse. The relevance of the victim's prior conduct on the issue of consent, that defendant claimed, arose because nonconsent is an essential element of the crime charged. *Mastropetre,* which predates General Statutes § 54-86f, commonly known as the rape shield statute, held that when a defendant denies the occurrence of sexual relations with a victim, "consent was not truly an issue in the case." *State* v. *Mastropetre,* supra, 516. The defendant in this case would seek to overturn the reasoning of *Mastropetre,* and go even further, to read the language of General Statutes § 54-86f as allowing the introduction of evidence of prior sexual conduct whenever a defendant is charged with sexual assault.

This subsection of the rape shield statute must be read in such a way as to uphold the integrity of the statutory scheme and must be construed so that it carries out the intent of the legislature. *State* v. *Belton,* 190 Conn. 496, 505, 461 A.2d 973 (1983). While penal statutes must be strictly construed, the rule of strict construction does not require an interpretation which would involve absurdity or frustrate the evident design of the legislature. *State* v. *Ellis,* 197 Conn. 436, 445,

---

[3] The unfair position claimed by the defendant is that defendants who would otherwise deny the fact that any sexual intercourse took place, when charged with sexual assault, would be coerced into falsely admitting sexual intercourse and raising the affirmative defense of consent in order to attempt to introduce evidence of prior sexual conduct. To state this claim is to refute it.

497 A.2d 974 (1985); *State* v. *Belton,* supra, 506. General Statutes § 54-86f (3) unequivocally states that evidence of prior sexual conduct may only be offered "when consent is raised as a defense." The defendant's failure to raise consent as a defense in this case precludes the introduction of evidence of prior sexual conduct under subsection three of the statute. If the defendant's contention were to be sustained, the purpose of the statute, which is "specifically to bar or limit the use of prior sexual conduct of an alleged victim of a sexual assault . . . for policy purposes"; *State* v. *Cassidy,* supra, 379; would be subverted by making admissible all evidence of a victim's prior sexual conduct in any prosecution for assault except under General Statutes § 53a-71 (a),[4] the only section to which § 54-86f applies which does not involve nonconsensual intercourse.

There is no error.

In this opinion the other judges concurred.

---

[4] General Statutes § 53a-71 (a), as amended by Public Acts 1985, No. 85-341, § 2, provides in relevant part: "A person is guilty of sexual assault in the second degree when such person engages in sexual intercourse with another person and such other person is (1) under sixteen years of age, or (2) mentally defective or mentally incapacitated to the extent that he is unable to consent to such sexual intercourse, or (3) physically helpless, or (4) less than eighteen years old and the actor is such person's guardian or otherwise responsible for the general supervision of such person's welfare, or (5) in custody of law or detained in a hospital or other institution and the actor has supervisory or disciplinary authority over such other person."