STATE OF CONNECTICUT *v.* WILLIAM MCDONOUGH
(4293)

DUPONT, C. J., SPALLONE and BIELUCH, Js.

Argued November 4, 1986—decision released February 17, 1987

*Milo J. Altschuler,* for the appellant (defendant).

*Christopher Malany,* deputy assistant state's attorney, with whom was *Marcia Smith,* assistant state's attorney, for the appellee (state).

DUPONT, C. J. After a jury trial the defendant was found guilty of assault in the third degree, a violation of General Statutes § 53a-61, sexual assault in the third degree, a violation of General Statutes § 53a-72a, and unlawful restraint in the first degree, a violation of General Statutes § 53a-95. From the judgment rendered on those verdicts the defendant appeals.

The defendant's first claim on appeal is that the trial court erred in its charge to the jury on the use of circumstantial evidence to infer facts. His second claim is that the trial court erred in not allowing him to question the victim, on cross-examination, about a prior complaint of assault made by her against a person other than the defendant. His third claim is that the court erred in excluding extrinsic evidence of prior actions

of the victim. Although the first claim is dispositive of this appeal, we will address the other issues raised since they may recur upon retrial.

The jury could reasonably have found, on the basis of the testimony of the victim and several other witnesses, that on the night in question, she had met the defendant, who was previously known to her, while out dancing. The defendant then invited her back to his apartment, ostensibly to check on his pets and have a nightcap. After they had spent a short time there he proceeded to physically and sexually assault her: The victim suffered blows to her face and body, which caused bleeding and bruises. The defendant knocked the victim to the floor, straddled her legs, pinned her arms down, punched her in the face, and attempted to undress her. He refused to let her leave the apartment and threatened her life. The victim was ultimately successful in escaping, and subsequently was taken to the police station and the hospital.

The defendant's testimony was that he had not sexually assaulted the victim, that there was no physical altercation, and that he had not touched the victim at all, except to wake her after she had fallen asleep in his apartment. He further testified that the victim had fallen over various items of furniture in his apartment.

The defendant's first claim is that the trial court erred in its charge to the jury on the use of circumstantial evidence in making inferences. The defendant did not object to the charge at trial, and now seeks review by claiming deprivation of a fundamental constitutional right. *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973). Since the record is adequate to support a review of this claim, we must now determine whether "it is reasonably possible that the jury was misled by the instruction into misunderstanding an issue that has fundamental constitutional significance." *State* v. *Torrence,* 196 Conn. 430, 435–36, 493 A.2d 865 (1985).

The court's charge on circumstantial evidence allowed the jury to find facts from which an inference may be drawn, and to make the inference itself, by a fair preponderance of the evidence standard.[1] Such an instruction is erroneous as applied to facts which are essential to proof of an element of a crime because such facts, whether basic or inferred, must be proved beyond a reasonable doubt.[2] *State* v. *Rodgers,* 198 Conn. 53, 59, 502 A.2d 360 (1986). The defendant's claim of error is that the court's charge impermissibly diluted the state's burden of proof. The issue for our determination is whether it is reasonably possible that the erroneous explanation regarding the use of circumstantial evidence misled the jury on the requirement that the state must prove each essential element of the crimes charged beyond a reasonable doubt. *State* v. *Whelan,* 200 Conn. 743, 757, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 1598 (1986); *State* v. *Walker,* 9 Conn. App. 373, 376–77, 519 A.2d 83 (1986); see *State* v. *Torrence,* supra, 436. In making this determination, the charge must be read as a whole, because the focus of the defense in this case was not the intent of the defendant, but rather whether the assaults and restraint complained of had, in fact, taken place. See *State* v. *Whelan,* supra, 758.

---

[1] During its charge to the jury, the court stated: "There is an application of our rule as to circumstantial evidence. Circumstantial evidence involves the offering of evidence of facts from which the jury is asked to infer the existence of and so to find proven another fact or facts. Such facts may be so found proven, but only if the jury finds: one, that the fact or facts from which the jury is asked to draw the inference has been proven by a fair preponderance of the evidence; and two, that the inference asked to be drawn is not only logical and reasonable, but is strong enough so that you can find it is more probable than not that the fact you are asked to infer is true."

[2] The defendant does not specifically address the question of whether the facts which the circumstantial evidence was used to establish were basic facts essential to prove an element of the crime, and the state likewise fails to address which facts in this case relied for their proof upon circumstantial and not direct evidence. See *State* v. *Rodgers,* 198 Conn. 53, 58 n.1, 502 A.2d 360 (1985).

The victim's testimony about the actions of the defendant was direct evidence offered as the primary proof that the assaults and restraint did, in fact, take place, and that the defendant was the perpetrator of them. The state also offered the direct evidence of a witness who lived in the apartment directly beneath the defendant's apartment. The words overheard and testified to by that witness corroborated the testimony of the victim. The state's circumstantial evidence consisted of the testimony of other witnesses who saw the victim shortly after she had left the defendant's apartment. These witnesses testified that the victim had blood all over her face and clothes and was crying. Other circumstantial evidence relating to the elements of the crime was comprised of the victim's hospital emergency room report, and the testimony of a police officer.

The basic factual issue for the jury to determine was whether the defendant had committed the assaults and the restraint. The defendant admitted that he was with the victim during the evening and early morning hours in question but denied that he was the perpetrator of any crimes. The defense, therefore, was similar to an alibi defense in that the defendant did not deny that the victim sustained injuries but did deny that he was responsible for these injuries. A significant factor for the jury's consideration was the credibility to be accorded to the victim and to the defendant. The principal factual issues, therefore, were not classically dependent upon circumstantial evidence for their proof, as is true in cases where the principal factual issue is the intent or state of mind of a defendant. See *State* v. *Farrar,* 7 Conn. App. 149, 155–56, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986). The fact that the jury had been given an erroneous "more probable than not" instruction as to the standard of proof to establish inferences in light of these considerations

is not necessarily reversible error. See *State* v. *Smith,* 201 Conn. 659, 519 A.2d 26 (1986); *State* v. *Farrar,* supra.

The recent line of cases concerning instructions which erroneously charge on a "more probable than not" standard are all distinguishable from the charge here. None of those charges was made egregiously erroneous by the recitation of the additional statement that the facts from which the inferences were to be drawn could also be proven by a fair preponderance of the evidence. See footnote 1, supra; *State* v. *Mullings,* 202 Conn. 1, 11, 519 A.2d 58 (1987); *State* v. *Smith,* supra, 673; *State* v. *Whelan,* supra, 755 n.11; *State* v. *Rodgers,* supra, 57; *State* v. *Reddick,* 177 Conn. 115, 130 n.4, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); *State* v. *Farrar,* supra, 152–53 n.2.

In this case the instructions not only stated that inferences could be drawn by a "more probable than not" standard, but also erroneously stated that the basic facts from which such inferences could be drawn need only be proven by a fair preponderance of the evidence. The court made no distinction between facts relating to elements of the crime and other evidentiary facts. See *State* v. *Rodgers,* supra, 58 n.1. The predicate facts necessary for the inference of the element of intent, if they are elements of the crime charged, must themselves be proven beyond a reasonable doubt. *Rose* v. *Clark,* 478 U.S. 570, 580, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986); *Connecticut* v. *Johnson,* 460 U.S. 73, 96–97, 103 S. Ct. 969, 74 L. Ed. 2d 823 (1983) (Powell, J., dissenting); *State* v. *Rodgers,* supra, 58 n.1. Although the principal factual issue for each crime charged in this case was not the intent of the defendant, because he denied the commission of any crime, this was nonetheless a case in which the circumstantial evidence and instructions thereon played a major role in the state's proof.

The circumstantial evidence presented at trial which is significant here is that the victim, shortly after leaving the defendant's house, was bleeding from her face, that her vest was covered with blood, and that she had suffered bruises to her head and arms. All of this evidence bears directly upon proof of the assault charge, by demonstrating that physical injury was caused, and upon the sexual assault and unlawful restraint charges as this evidence bears directly upon the occurrence of physical contact both of a sexual nature without the consent of the victim and of restraint which subjected the victim to a substantial risk of physical injury. The jury, during the course of their deliberations, requested that the court clarify the charge concerning inferences. In order to do so, the trial court reread its instruction on circumstantial evidence, which clearly recited a standard of proof for the basic facts from which inferences could be drawn which was less than the "beyond a reasonable doubt" standard required in criminal cases. *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Mullings,* supra, 11; *State* v. *Whelan,* supra, 756. In the course of the repetition and elaboration of the charge on inferences, the court reread its original charge, which was that the basic facts from which an inference may be drawn must be proven by a fair preponderance of the evidence and that the inferences drawn from these facts must be true more probably than not. In addition, the court again made the same erroneous statement after the rereading of the original charge. The court properly charged the jury during this time that the essential elements had to be proved beyond a reasonable doubt.

The court's instructions on the state's burden of proving the essential elements of each of the crimes intimately commingled the consideration of both circumstantial and direct evidence. The instructions of the court, that circumstantial evidence was as probative

as direct evidence, that the occurrence of the elements of the crimes could be proved both by circumstantial evidence as well as by direct evidence, and that the facts demonstrated by the use of circumstantial evidence need only be proved by a fair preponderance of the evidence, make it reasonably possible that the jury was misled by these erroneous explanations regarding the use of circumstantial evidence about the ultimate burden of proof borne by the state. An instruction which dilutes the state's burden of proving the defendant guilty beyond a reasonable doubt is unconstitutional. *State* v. *Reddick,* supra, 131–32.

The state would have this court hold such error harmless due to the fact that each evidentiary fact, while leading to proof beyond a reasonable doubt of each element, need not itself be proved beyond a reasonable doubt. *State* v. *Rodgers,* supra, 58 n.1, citing W. LaFave & A. Scott, Criminal Law (1972) § 4, p. 16. This is true only if the evidentiary fact to be found is not essential to proving an element of the crime. *State* v. *Rodgers,* supra. The court, however, failed to elucidate for the jury the distinction between those facts which required proof beyond a reasonable doubt and those evidentiary facts which did not need to be proved beyond a reasonable doubt. The charge here indivisibly bound proof of each element of the crimes charged to the circumstantial evidence and, thus, to the fair preponderance standard. The state has not proven that the erroneous charge in this case was harmless beyond a reasonable doubt; *State* v. *Cohane,* 193 Conn. 474, 485, 479 A.2d 763, cert. denied, 469 U.S. 990, 105 S. Ct. 397, 83 L. Ed. 2d 331 (1984); *State* v. *Sorbo,* 174 Conn. 253, 257, 386 A.2d 221 (1978); because many of the facts proved by the circumstantial evidence related to the elements of the crimes which had to be proved beyond a reasonable doubt. " 'In the administration of criminal justice, courts must carefully guard against

dilution of the principle that guilt is to be established by probative evidence and beyond a reasonable doubt. *In re Winship,* [supra, 364].' " *State* v. *Woolcock,* 201 Conn. 605, 613, 518 A.2d 1377 (1986).

The defendant's second claim is that the court erred in excluding questions on cross-examination which the defendant claims affected the credibility of the victim, thus violating his constitutional rights to confront and cross-examine witnesses against him. The state filed a motion in limine to preclude the defendant from questioning the victim about a prior complaint of assault which she had made against another person. The court, after deferring action on the motion, eventually excluded such evidence during the trial.

As a result of the prior complaint of assault, a person not involved in these proceedings utilized our state's accelerated rehabilitation law. General Statutes § 54-56e. The court records of those proceedings were subject to erasure. There was no offer of proof that the victim had made a false complaint. See *State* v. *Cassidy,* 3 Conn. App. 374, 379, 489 A.2d 386, cert. denied, 196 Conn. 803, 492 A.2d 1239 (1985). At trial, and on appeal, the defendant relies upon *State* v. *Ouellette,* 190 Conn. 84, 459 A.2d 1005 (1983), to support his claim that such evidence is permissible to attack the credibility of the victim.

*State* v. *Ouellette,* supra, involved the trial court's granting of the state's motion in limine which prevented the defendant in that case from questioning a victim about whether she had made prior complaints of sexual misconduct against other persons in order to challenge the credibility of her testimony. In that case, the victim, a minor, had asserted in her statement to the police that another person, against whom no previous or contemporaneous complaint had been filed, had committed similar acts with her. Id., 103. It was the vic-

tim's silence on those previous occasions which the court found relevant to the crime charged, as it was possible that her complaint against the defendant may have been in some way the product of the child's imagination or sexual fantasy. Id. That case is inapposite. The prior conduct about which the defendant sought to examine the victim in this case was not contained in the police report of this incident. In fact, it was conduct which had been disposed of through the operation of law before the actions complained of in this case.

The right of the defendant to confront and cross-examine witnesses against him is not absolute. *Chambers* v. *Mississippi,* 410 U.S. 284, 295, 93 S. Ct. 1038, 35 L. Ed. 2d 297 (1973); *State* v. *Franko,* 199 Conn. 481, 488, 508 A.2d 22 (1986). In order for the defendant to have the right to cross-examine the victim about her prior complaint he would need to demonstrate that such conduct was relevant to a material issue in the case at bar, or to her credibility. See *State* v. *Daniels,* 8 Conn. App. 190, 192–93, 512 A.2d 936 (1986). It is the right and the duty of the trial court to exclude irrelevant evidence. Id., 193. The defendant made no claim that the victim's prior conduct had resulted in a false complaint. There was no logical nexus between the fact that the victim had previously complained about an assault which had led to an arrest and the eventual granting of accelerated rehabilitation to another defendant and the credibility of the victim. The lodging of the prior complaint may have been relevant to the bad luck of the witness to have been twice the victim of the same broad generic type of crime. It is unrelated, however, to her believability.

Evidence of the prior complaint made by the victim was properly excluded. "Unless she had raised a false claim before, her conduct with another man had no bearing on her conduct with this defendant or on the credibility of her testimony in this case. The defend-

ant was given adequate opportunity to cross-examine her, and the court properly excluded this evidence." *State* v. *Cassidy,* supra, 382.

The defendant's final claim is that the trial court erred in not allowing the introduction of extrinsic evidence which he claims affected the credibility of the victim. That evidence, as demonstrated by the defendant's offer of proof, was testimony that the victim had, on some night other than the one in question, engaged in a fight with the bouncer of a local bar. The defendant claimed that such evidence of her combative nature and pugilistic abilities was relevant to her credibility. We find that the trial court properly sustained the state's objection to the introduction of such evidence of this collateral matter as irrelevant. Evidence of the victim's character as "violent, dangerous or turbulent" is not relevant unless the defendant has introduced evidence that his actions were in self-defense. *State* v. *Veal,* 201 Conn. 368, 374, 517 A.2d 615 (1986); *State* v. *Miranda,* 176 Conn. 107, 109, 405 A.2d 622 (1978); see *State* v. *Gooch,* 186 Conn. 17, 21, 438 A.2d 867 (1982).

There is error in part, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.