## STATE OF CONNECTICUT *v.* WILLIAM DULLIVAN
## (4878)

BORDEN, DALY and BIELUCH, Js.

Argued January 6—decision released April 14, 1987

*John W. Watson,* assistant public defender, with whom, on the brief, was *Joette Katz,* public defender, for the appellant (defendant).

*Frederick W. Fawcett,* assistant state's attorney, with whom, on the brief, was *Donald A. Browne,* state's attorney, for the appellee (state).

DALY, J. After a trial by jury, the defendant was convicted of robbery in the first degree in violation of General Statutes § 53a-134 (a) (4).[1] On appeal, the

---

[1] The defendant was tried simultaneously on another charge of robbery in the first degree. He was acquitted of that charge.

defendant claims that the trial court erred in (1) finding evidence sufficient to support his conviction, (2) its instructions on circumstantial evidence, inferences and burden of proof, and (3) questioning a state's witness during the defendant's cross-examination. We find error on the second claim.

The jury could reasonably have found the following facts: In the early morning hours of April 11, 1984, the complainant was carrying a large radio and walking from the Father Panick Village to his home on Center Street in Bridgeport. As he reached the Highland Avenue Extension, he was approached by two men whom he knew. He had worked with one of them, the defendant, at a fence company and knew him as "June Bug." The other man was called "Butch." The three men talked for a time, and eventually the defendant took a small gun from his jacket and commented that he was interested in selling it. He then asked the complainant if he could "see" the radio, and the complainant handed it to him. The defendant, holding the gun in one hand and the radio with the other, told Butch he would give him the radio for his birthday. Moments later, a car drove up, and the defendant and Butch got in and were driven away taking the complainant's radio with them.

The jury rendered a guilty verdict. The defendant moved to set aside the verdict, arguing that there was insufficient evidence for the jury to find beyond a reasonable doubt that the defendant, through the use or threat of force, committed a robbery rather than a simple larceny.[2] The disputed issue at trial boiled down to

---

[2] General Statutes § 53a-134 (a) (4) provides in pertinent part: 'A person is guilty of robbery in the first degree when, in the course of the commission of the crime . . . he . . . (4) displays or threatens the use of what he represents by his words or conduct to be a pistol, revolver . . . . "

General Statutes § 53a-133 provides in pertinent part: "A person commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the

whether the defendant threatened the complainant with the use of force by the display of the gun. See footnote 2, supra.

The defendant's first claim of error is that the evidence was insufficient to establish his guilt. We address this claim first because " ' "if we were to rule that the evidence was insufficient, the defendant would be entitled to an acquittal rather than a new trial. *Burks* v. *United States,* 437 U.S. 1, 18, 98 S. Ct. 2141, 57 L. Ed. 2d 1 (1978)." *State* v. *Ferrell,* 191 Conn. 37, 46, 463 A.2d 573 (1983). " 'In determining whether the evidence is sufficient to sustain a verdict, "the issue is whether the jury could have reasonably concluded, upon the facts established and the reasonable inferences drawn therefrom, that the cumulative effect of the evidence was sufficient to justify the verdict of guilty beyond a reasonable doubt." . . .' (Citations omitted.) *State* v. *Giguere,* 184 Conn. 400, 402–403, 439 A.2d 1040 (1981); see also *Jackson* v. *Virginia,* 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560, reh. denied, 444 U.S. 890, 100 S. Ct. 195, 62 L. Ed. 2d 126 (1979)." *State* v. *Reid,* 193 Conn. 646, 666, 480 A.2d 463 (1984). In reviewing the evidence we must construe it in a light most favorable to sustaining the verdict. *State* v. *Ferrell,* supra.' *State* v. *Pellegrino,* 194 Conn. 279, 294, 480 A.2d 537 (1984)." *State* v. *Fernandez,* 198 Conn. 1, 21–22, 501 A.2d 1195 (1985); see *State* v. *Palmer,* 8 Conn. App. 496, 499, 513 A.2d 738 (1986).

The jury in this case apparently found that the defendant's display of a gun while accompanied by another man and coupled with his request to "see" the lone victim's radio, was sufficient to conclude that "through the use or threat of force" he committed a robbery rather than a larceny. We are convinced that

purpose of: (1) Preventing . . . resistence to the taking of the property or to the retention thereof immediately after the taking; or (2) compelling the owner of such property . . . to deliver up the property . . . . "

this evidence, when viewed in a light most favorable to sustaining the verdict, is sufficient to uphold the verdict.

The defendant's second claim involves the trial court's instruction to the jurors that they could draw inferences from circumstantial evidence if "the inference asked to be drawn is logical and reasonable and strong enough so that you can find *it is more probable than not*, the fact to be inferred is true." The defendant contends that this charge unconstitutionally diluted the state's burden of proving every element of the crime charged beyond a reasonable doubt by allowing the jury to infer that he intended to communicate a threat for the purpose of committing a larceny by an erroneous "more probable than not" standard.

At the outset, we note that the defendant failed to except to this portion of the charge at trial. Generally, such a failure to except renders the claim of error unreviewable. Practice Book §§ 852, 4185 (formerly § 3063). The defendant seeks review under the *Evans* bypass; *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); claiming that the error implicates his fundamental constitutional right that the state establish his guilt beyond a reasonable doubt. We agree and therefore will review the claim. See *State* v. *Whelan,* 200 Conn. 743, 756, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986); *State* v. *Farrar,* 7 Conn. App. 149, 153, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986).

It is a fundamental principle of both criminal and constitutional law that a defendant is innocent until the state proves him or her guilty beyond a reasonable doubt. *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970). Thus, an instruction that dilutes or shifts the state's burden is unconstitutional. *Sandstrom* v. *Montana,* 442 U.S. 510, 99 S. Ct. 2450,

61 L. Ed. 2d 39 (1979); *State* v. *Mullings,* 202 Conn. 1, 11, 519 A.2d 58 (1987); *State* v. *Reddick,* 197 Conn. 115, 131–32, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986).

The defendant claims that the court's instructions concerning circumstantial evidence and inferences to be drawn therefrom permitted the jury to infer his intent to communicate a threat by only a preponderance of the evidence rather than requiring them to infer and find such intent beyond a reasonable doubt. When the principal disputed issue in a case is intent, which is " 'characteristically proven by circumstantial evidence; see *State* v. *Chace,* 199 Conn. 102, 105, 505 A.2d 712 (1986); the court's instructions regarding the use of circumstantial evidence as proof of this essential element are subject to close scrutiny.' " *State* v. *Whelan,* supra, 757, quoting *State* v. *Farrar,* supra, 155; *State* v. *Rodgers,* 198 Conn. 53, 56–59, 502 A.2d 360 (1986). We have closely scrutinized the court's charge in this case and conclude that " 'it cannot be said that the incorrect statement did not influence the jury' " with respect to the state's burden of proving the defendant's intent beyond a reasonable doubt. *State* v. *Whelan,* supra, 756–57. We note that this case is distinguishable from another recent instructional error case; *State* v. *Smith,* 201 Conn. 659, 673, 519 A.2d 26 (1986); in which our Supreme Court found that a jury had not been misled. The disputed issue in *Smith* was the victim's credibility, while in the present case the issue was intent. Thus, we are constrained to follow the *Whelan, Rodgers,* and *Farrar* line of cases.

The state argues that even if the charge was improper, it should be deemed harmless through application of the harmless error test. The state claims that the recent case of *Rose* v. *Clark,* 478 U.S. 570, 106 S. Ct. 3101, 92 L. Ed. 2d 460 (1986), requires such application. We agree and note that this court has recently

held precisely that. *State* v. *Perez,* 10 Conn. App. 279, 288–90, 523 A.2d 508 (1987). In order to find the error in this case harmless, we must be able to conclude beyond a reasonable doubt, that the evidence on the disputed issue is so strong that the erroneous instruction did not contribute to the guilty verdict. We are unable to so conclude.

The evidence tending to prove that the defendant threatened the complainant with the use of force by displaying the gun, while "sufficient" was not "overwhelming." See *Rose* v. *Clark,* supra, 3110, Burger, J., concurring. The evidence showed that the defendant, upon showing the gun, remarked that he wanted to sell the weapon. In addition, the complainant testified that even if the defendant did not have a gun he probably would have given him the radio anyway. Confronted with only this evidence on the issue of intent, we are unable to conclude that the evidence was so overwhelming that it renders the error harmless beyond a reasonable doubt. Our conclusion that the erroneous instruction was not harmless does not undermine our conclusion that the evidence sufficiently supported the verdict. Instructional error on the proper standard of proof may affect the conclusions reached by the jury on the basis of the evidence. It cannot, however, diminish the quantum of evidence.

Our resolution of the instructional error claim is dispositive. Although the defendant has raised a third claim, it is not clear that it will recur in the new trial. We therefore decline to review it.

There is error, the judgment is set aside and the case remanded for a new trial.

In this opinion the other judges concurred.