STATE OF CONNECTICUT *v.* JUSTICE T. PEAY
(5523)

DALY, BIELUCH and NORCOTT, Js.

---

Argued November 18, 1987—decision released March 8, 1988

*Jon L. Schoenhorn,* for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom, on the brief, were *James G. Clark* and *Samuel Sferrazza,* assistant state's attorneys, for the appellee (state).

DALY, J. In this appeal from a judgment of conviction, rendered after a jury trial, of larceny in the sixth degree in violation of General Statutes § 53a-125b,[1] the defendant raises three claims of error: (1) that the trial court improperly interjected facts into evidence; (2) that the court erred in its instructions on circumstantial evidence; and (3) that the court erred in refusing to instruct on the statutory definition of intent. Because we find reversible error on the second issue and the other claims are not likely to recur at the new trial, we discuss only the second issue.

The jury could reasonably have found the following facts. On January 10, 1986, the defendant was termi-

---

[1] General Statutes § 53a-125b provides: "LARCENY IN THE SIXTH DEGREE: CLASS C MISDEMEANOR. (a) A person is guilty of larceny in the sixth degree when he commits larceny as defined in section 53a-119 and the value of the property or service is two hundred fifty dollars or less."

nated from his job as sorter at Edwards Food Warehouse, in West Hartford. The defendant returned to the store on January 17 and was observed pushing a shopping cart containing two television sets to the rear of the store. At 3:05 a.m., Joe Delenegro, an employee of Edwards, observed the defendant in the parking lot. The defendant was seen leaning into a white Cadillac owned by another employee; next to him was a shopping cart containing a cardboard box labeled "Samsung color TV." Upon reentering the store, the defendant pushed an empty cart.

Ronald Mullen, the assistant night manager, had noticed the defendant in the store that night and, although he thought it unusual for the terminated employee to be there, he did not ask the defendant to leave. Mullen also noticed that there were only four Samsung TV sets on display instead of five. After checking with the cashiers, Mullen instituted a search for the missing TV set. The TV set cartons have security stickers which will trigger an alarm unless deactivated by a cashier. A search of the store failed to unearth the set, but it was discovered that a chain on a back room overhead door had been removed from its pulley and the door was open about 3 feet. The door was located in the area of the store most familiar to the defendant due to his prior position as a sorter.

The defendant's second claim of error is that the trial court erred in its instruction on circumstantial evidence.[2] Specifically, the defendant argues that the trial court's instruction that an inference could be drawn if it were "more probable than not, that the fact to be

[2] The instructions set forth in relevant part: "Next, we'll deal with circumstantial evidence. Proof beyond a reasonable doubt does not mean that you must have direct evidence supporting a fact. You may apply the rule of circumstantial evidence of facts from which you are asked to infer the existence of another fact or set of facts. Such an inference may be made provided two elements in the application of this rule are satisfied. That the

inferred is true," impermissibly diluted the state's burden of proof. Under the facts of this case, we find harmful error in these instructions.

As a preliminary matter, we note that the defendant did not file a request to charge on circumstantial evidence, nor did he take exception to that particular portion of the charge. Ordinarily, we decline to review claims of error not properly preserved for appeal, but because this claim implicates the defendant's constitutional right to have the state prove him guilty beyond a reasonable doubt, we will review it. *In re Winship,* 397 U.S. 358, 361, 90 S. Ct. 1068, 25 L. Ed. 2d 368 (1970); *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973); *State* v. *Biggs,* 13 Conn. App. 12, 20, 534 A.2d 1217 (1987).

"Our courts have consistently held that 'a jury instruction in a criminal case which informs a panel that it may infer a fact when it is more probable than not that such a fact exists is erroneous "because, as applied to inferences for the finding of facts that are essential elements of the crime, it unconstitutionally dilutes the state's burden of proving guilt beyond a reasonable doubt." *State* v. *McKenna,* [11 Conn. App. 122, 135, 525 A.2d 1374 (1987)]. Such error, however, has been held to be reversible only if it is reasonably possible that the jury was misled by the trial court's instructions. Id.' *State* v. *Trujillo,* 12 Conn. App. 320, 330, 531 A.2d 142 (1987)." *Biggs,* supra, 20–21.

Our inquiry, therefore, is "whether 'it is reasonably possible that the jury was misled by the instruction into misunderstanding an issue that has fundamental constitutional significance.' *State* v. *Torrence,* 196 Conn.

---

fact, from which you are asked to draw the inference, has itself been proven beyond a reasonable doubt and that the inference asked to be drawn is not only logical and reasonable, but it is strong enough so that you can find that it is more probable than not, that the fact to be inferred is true."

430, 435–36, 493 A.2d 865 (1985)." *State* v. *McDonough,* 9 Conn. App. 631, 633, 521 A.2d 160, rev'd, 205 Conn. 352, 533 A.2d 851 (1987). Our Supreme Court has established a "bifurcated standard of review" which we use in resolving challenges to jury instructions regarding circumstantial evidence. *State* v. *Gonzalez,* 205 Conn. 673, 690–92, 535 A.2d 345 (1987). This bifurcated standard of analysis requires us first to classify the role of circumstantial evidence in the case at hand. If we find that this is a case that is largely proven by circumstantial evidence, (for example, involving a question of intent), " ' "we will closely scrutinize the court's instructions" on circumstantial evidence, in isolation from the remainder of the charge, to determine whether the court misled the jury as to the state's burden of proof.' *State* v. *Robinson,* 204 Conn. 207, 210, 527 A.2d 694 (1987)." *State* v. *McDonough,* 205 Conn. 352, 358, 533 A.2d 857 (1987). If, however, we conclude that this is a case in which circumstantial evidence plays a subordinate role, we review the instructions not in isolation, but as a whole to determine whether it is " 'reasonably possible that the jury was misled' " by an erroneous explanation regarding the use of circumstantial evidence. *State* v. *Robinson,* supra." *State* v. *McDonough,* supra, 358. Further, upon completion of this examination, we review any error found to determine whether it was harmless. *State* v. *Perez,* 10 Conn. App. 279, 290, 523 A.2d 508, cert. denied, 203 Conn. 810, 525 A.2d 524 (1987).

We find that in the case at bar the state's case consisted solely of circumstantial evidence. The issue in this case was whether a larceny by shoplifting had taken place.[3] In order to prove that a larceny by shop-

---

[3] Although the state would much rather have us believe that the principal disputed issue was the credibility of the state's witnesses, it was clearly not the major or only issue at trial. Cf. *State* v. *McDonough,* 9 Conn. App. 631, 635, 521 A.2d 160, rev'd, 205 Conn. 352, 533 A.2d 857 (1987).

lifting had occurred, the state had to prove (1) that the defendant intentionally took possession of a television set that was offered for sale at Edwards, and (2) that the defendant did not pay the purchase price of that television. General Statutes § 53a-119 (9). The state presented no direct evidence on either of these points. The defendant admitted being in the store. The state called one witness who saw the defendant in the store pushing a shopping cart with two TV sets in it. Another witness called by the state testified that he saw the defendant outside the store standing next to a shopping cart which contained a TV set box. There was no direct evidence that a TV set was purchased that evening, nor was there any direct evidence that the TV set carton that was observed outside next to the defendant contained a TV set or was from Edwards. Furthermore, no TV set was recovered. The state merely left all these circumstantial pieces of evidence for the jury to infer that the defendant committed larceny. This is not a case where circumstantial evidence was used to bolster the direct evidence; rather, it is a case in which circumstantial evidence was used to prove essential elements of the crime charged. Clearly, this is a case in which circumstantial evidence played a major and not a subordinate role.

Under these circumstances, we undertake a close scrutiny of the instruction on circumstantial evidence, in isolation from the remainder of the charge, which reveals that there was reversible error in the instruction.[4] Because "it was reasonably possible that the jury was misled with respect to the state's burden of proving intent beyond a reasonable doubt"; *State* v. *Whelan,*

---

[4] In *State* v. *Rodgers*, 198 Conn. 53, 56–60, 502 A.2d 360 (1985), our Supreme Court found reversible error in a trial court's instruction that an inference may be drawn "if it is more probable that the fact to be inferred is true."

200 Conn. 743, 758, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986); the instruction was erroneous.

The remaining question to answer is whether the erroneous instruction was harmless beyond a reasonable doubt. *State* v. *Perez,* supra, 290. "Such an analysis requires that we determine whether, based upon the whole record, it is clear beyond a reasonable doubt that the constitutional error did not contribute to the jury's verdict." *State* v. *Trujillo,* 12 Conn. App. 320, 333, 531 A.2d 142, cert. denied, 205 Conn. 817, 527 A.2d 588 (1987); see *State* v. *Dullivan,* 10 Conn. App. 474, 479, 523 A.2d 1353 (1987). We cannot say, on the basis of the record before us, that the erroneous instruction did not contribute to the jury's verdict. Specifically, the state failed to proffer overwhelming evidence on the fact that the defendant did not pay the purchase price of the TV set. The only evidence proffered was the testimony showing that Mullen searched the store after speaking with the cashiers. Although it can reasonably be inferred from these facts that the purchase price was not tendered, the evidence can, by no means be seen as overwhelming. See *State* v. *Dullivan,* supra, 479.

There is error, the judgment is set aside and the case is remanded for a new trial.

In this opinion the other judges concurred.