STATE OF CONNECTICUT *v.* DANA R. TRACY
(5949)

DUPONT, C. J., BORDEN and STOUGHTON, Js.

Argued February 10—decision released May 17, 1988

---

*Michael J. Dodson,* for the appellant (defendant).

*Julia DiCocco Dewey,* assistant state's attorney, with whom, on the brief, was *Patricia Swords,* assistant state's attorney, for the appellee (state).

STOUGHTON, J. The defendant appeals from a judgment of conviction, after a jury trial, of sexual assault in the first degree in violation of General Statutes § 53a-70 (a).[1]

The defendant claims that the trial court erred (1) in denying his motion for judgment of acquittal on the charge of sexual assault in the first degee, and (2) in denying his motion to present evidence of the complainant's prior sexual conduct pursuant to General Statutes § 54-86f (2) and (4).[2] We find no error.

---

[1] General Statutes § 53a-70 provides: "SEXUAL ASSAULT IN THE FIRST DEGREE: CLASS B FELONY: ONE YEAR NOT SUSPENDED. (a) A person is guilty of sexual assault in the first degree when such person compels another person to engage in sexual intercourse by the use of force against such other person or a third person, or by the threat of use of force against such other person or against a third person which reasonably causes such person to fear physical injury to such person or third person.

"(b) Sexual assault in the first degree is a class B felony for which one year of the sentence imposed may not be suspended or reduced by the court."

The defendant has not attacked a conviction for unlawful restraint in the second degree.

[2] General Statutes § 54-86f provides: "ADMISSIBILITY OF EVIDENCE OF PRIOR SEXUAL CONDUCT. In any prosecution for sexual assault under sections 53a-70a, 53a-70, and 53a-71 to 53a-73a, inclusive, no evidence of the sexual conduct of the victim may be admissible unless such evidence is (1) offered by the defendant on the issue of whether the defendant was, with respect to the victim, the source of semen, disease, pregnancy or injury, or (2) offered by the defendant on the issue of credibility of the victim, provided the victim has testified on direct examination as to his or her sexual conduct, or (3) any evidence of sexual conduct with the defendant offered by the defendant on the issue of consent by the victim, when consent is raised as a defense by the defendant, or (4) otherwise so relevant and material to a critical issue in the case that excluding it would violate the defendant's constitutional rights. Such evidence shall be admissible only after a hearing on a motion to offer such evidence containing an offer of proof. On motion of either party the court may order such hearing held in cam-

The defendant moved for a judgment of acquittal at the close of the state's case, at the close of the evidence and after the jury verdict. When the defendant challenges the sufficiency of the evidence, we must review the evidence in the light most favorable to sustaining the verdict and determine whether, upon the facts thus established and the inferences reasonably drawn therefrom, the jury could reasonably have concluded that the cumulative effect of the evidence established guilt beyond a reasonable doubt. *State* v. *Simino,* 200 Conn. 113, 116–17, 509 A.2d 1039 (1986); *State* v. *LoSacco,* 12 Conn. App. 172, 174, 529 A.2d 1348 (1987).

I

The defendant claims that the denial of his motion for judgment of acquittal was in derogation of his rights under the fourteenth amendment to the United States constitution and article first, § 8 of the Connecticut constitution. His claim is that the state failed to prove one of the elements of sexual assault in the first degree beyond a reasonable doubt and that his conviction was therefore in violation of the due process clause of the federal constitution. He has not offered any separate analysis of the claim under article first, section 8, of the Connecticut constitution. It has been held that the due process clauses of both the United States and Connecticut constitutions have the same meaning and impose similar limitations. *State* v. *Brigandi,* 186 Conn. 521, 542, 442 A.2d 927 (1982).

era, subject to the provisions of section 51-164x. If the proceeding is a trial with a jury, such hearing shall be held in the absence of the jury. If, after hearing, the court finds that the evidence meets the requirements of this section and that the probative value of the evidence outweighs its prejudicial effect on the victim, the court may grant the motion. The testimony of the defendant during a hearing on a motion to offer evidence under this section may not be used against the defendant during the trial if such motion is denied, except that such testimony may be admissible to impeach the credibility of the defendant if the defendant elects to testify as part of the defense.''

The first count of the amended information charged that the defendant compelled the victim to engage in fellatio by the use of force and by the threat of the use of force which caused her to fear physical injury to herself or another person. The defendant claims that the state failed to sustain its burden of proof with respect to the use of force and the threat of the use of force, essential elements of the crime charged.

General Statutes § 53a-65 (7) defines use of force as use of a dangerous instrument or use of actual physical force or violence or superior physical strength against the victim. The issue of the use of force presents a question of fact for the jury. *State* v. *Kish,* 186 Conn. 757, 766–67, 443 A.2d 1274 (1982).

Evidence was presented at the trial from which the jury might have found the following facts. The victim was a high school senior who attended a graduation party on June 14, 1986. She drank about one half of a glass of beer but did not appear to be intoxicated. During the evening, the defendant asked the victim if she wanted to accompany him to a local convenience store, and she went with the defendant in his car. He stopped the car and offered the victim a beer. When the victim resisted his advances, the defendant drove to a gasoline station to buy some cigarettes. He parked in a poorly-lit area, and when he returned to the car he began kissing the victim and, despite her resistance, partially undressed her. He put his hand under her skirt and into her pants, but desisted when the victim began to cry. The defendant drove off and the victim thought they would return to the party, but the defendant drove into an abandoned commuter parking lot. He ordered the victim not to move, and she was afraid of what he might do because she was frightened by the way he was talking and looking at her and she was afraid he might try to hurt her if she tried to get out of the car. The defendant continued fondling the victim and, as she

cried and struggled, again partially undressed her. The victim's arms were against her body which was pressed against the car door. The defendant forced the victim's legs apart and, as she tried to restrain him, inserted his finger into her vagina and then performed cunnilingus on her. His threatening demeanor forced her to discontinue her attempts to restrain him. The defendant then compelled the victim to perform fellatio on him by pulling her head down and making her put her mouth on his penis and go up and down. He had his hands on her back and head, and every time she tried to get her head up he pushed it back down.

Sexual intercourse is defined in General Statutes § 53a-65 (2) to include fellatio, and the evidence was sufficient, if believed by the jury, for the jury to have found that the defendant compelled the victim to commit the act charged in the amended information by the use of force and by the threat of the use of force which caused her to fear physical injury to herself.

## II

The defendant claims violation of his right to confront the witnesses against him which is guaranteed by the sixth amendment to the United States constitution, and applied to the states by the fourteenth amendment, and which is guaranteed also by article first, § 8, of the Connecticut constitution. This claim arises out of the exclusion by the trial court of evidence of the prior sexual history of the victim. The defendant claims that this proffered evidence was admissible under General Statutes § 54-86f (2) on the issue of the credibility of the victim and under § 54-86f (4) because it was relevant to his defense of consent.

The defendant concedes that § 54-86f, when correctly interpreted, adequately protects his right to confrontation of the victim. He contends that the proffered evidence was relevant to critical issues in this case and

that exclusion of the evidence violated his right to confrontation. *State* v. *Daniels,* 8 Conn. App. 190, 192, 512 A.2d 936 (1986).

The defendant claims that the victim placed her prior sexual conduct in issue on her direct examination, a requirement under § 54-86f (2) before evidence of her sexual conduct is admissible on the issue of her credibility. The basis for this is the claim that the victim said she found the defendant attractive but rejected his advances because he had a girlfriend and she had a boyfriend. At one point, the victim testified as follows: "Well, then—he slid back over and—he started trying to hug me and kiss me, and by this time I was really upset and I told him that he's not going to get away with anything and he'd better stop. And he said 'What's the matter, don't you find me attactive?' and I said 'yes, I find you attractive, but please don't do this to me.' " Earlier, the victim had testified as follows: "And I told him to cut it out because I had a boyfriend. And he said 'So' and then I said 'Well, what about your girlfriend?' And he didn't make any comment." We disagree with the claim by the defendant that this testimony by the victim was testimony as to her sexual conduct, as required under § 54-86f (2). The trial court was not in error in excluding the proffered testimony on this ground.

The defendant also claims that the proffered evidence was admissible because it was relevant to his claim that the acts committed were done with the consent of the victim. The defendant relies upon the same testimony by the victim to support this claim. He contends that because the victim found him attractive, evidence of similar conduct with other boys would render the existence of consent more probable.

The fact that the victim may have consented to sexual relations with others before does not, without more,

tend to establish that consent was given on this occasion. *State* v. *Mastropetre,* 175 Conn. 512, 517, 400 A.2d 276 (1978). The trial court did not commit error in excluding the proffered evidence.

There is no error.

In this opinion the other judges concurred.