STATE OF CONNECTICUT *v.* MATTHEW ROBINSON
(12726)

PETERS, C. J., HEALEY, SHEA, GLASS and COVELLO, Js.

Argued June 2—decision released June 30, 1987

*David F. Egan,* public defender, for the appellant (defendant).

*Judith Rossi,* deputy assistant state's attorney, with whom was *James G. Clark,* assistant state's attorney, for the appellee (state).

PER CURIAM. The sole issue on this appeal is whether the trial court committed reversible error in its instruc-

tions to the jury on circumstantial evidence. The defendant, Matthew Robinson, was charged by amended information with murder, in violation of General Statutes § 53a-54a (a),[1] assault in the first degree, in violation of General Statutes § 53a-59 (a) (1),[2] and assault in the second degree, in violation of General Statutes § 53a-60 (a) (2).[3] Following trial, a jury found him guilty of murder and assault in the first degree. The defendant was sentenced to a total term of imprisonment of forty-five years. He appeals to this court from the judgment of his conviction. We find no error.

The charges against the defendant arose from a shooting that occurred at a Norwalk nightclub early in the morning of February 20, 1984. Three people were injured, one fatally, as a result of the shooting. Two eyewitnesses, testifying for the prosecution, identified the defendant as the person who had fired the shots. Two other prosecution witnesses testified that

---

[1] "[General Statutes] Sec. 53a-54a. MURDER DEFINED. AFFIRMATIVE DEFENSES. EVIDENCE OF MENTAL CONDITION. CLASSIFICATION. (a) A person is guilty of murder when, with intent to cause the death of another person, he causes the death of such person or of a third person or causes a suicide by force, duress or deception; except that in any prosecution under this subsection, it shall be an affirmative defense that the defendant committed the proscribed act or acts under the influence of extreme emotional disturbance for which there was a reasonable explanation or excuse, the reasonableness of which is to be determined from the viewpoint of a person in the defendant's situation under the circumstances as the defendant believed them to be, provided nothing contained in this subsection shall constitute a defense to a prosecution for, or preclude a conviction of, manslaughter in the first degree or any other crime."

[2] "[General Statutes] Sec. 53a-59. ASSAULT IN THE FIRST DEGREE. CLASS B FELONY. (a) A person is guilty of assault in the first degree when: (1) With intent to cause serious physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

[3] "[General Statutes] Sec. 53a-60. ASSAULT IN THE SECOND DEGREE: CLASS D FELONY. (a) A person is guilty of assault in the second degree when . . . (2) with intent to cause physical injury to another person, he causes such injury to such person or to a third person by means of a deadly weapon or a dangerous instrument."

they had seen the defendant outside the nightclub directly following the shooting. Another prosecution witness, a neighbor of the defendant, testified that the defendant had telephoned her about an hour after the shooting and told her that he had "just killed" one of the victims. The defendant presented no evidence on his behalf. On cross-examination and in his closing argument to the jury, however, he attempted to discredit the state's witnesses. In particular, he sought to expose flaws in the eyewitnesses' ability to observe the perpetrator of the shooting, and alleged inconsistencies in the testimony of various witnesses.

The defendant claims that the trial court erred in instructing the jury on the state's burden of proof relative to circumstantial evidence. The trial court instructed the jury that it could draw inferences from circumstantial evidence provided that: (1) "the fact from which you are asked to draw the inference has itself been proven beyond a reasonable doubt"; and (2) "the inference asked to be drawn is not only logical and reasonable but is strong enough so that you can find that it is *more probable than not* that the fact to be inferred is true." (Emphasis added.) The defendant claims that this instruction diluted the state's burden of proof beyond a reasonable doubt, denying him his constitutional right to a fair trial. We disagree.

The defendant's claim of error is governed, both procedurally and substantively, by our recent decisions in *State* v. *Mullings,* 202 Conn. 1, 12–14, 519 A.2d 58 (1987), and *State* v. *Whelan,* 200 Conn. 743, 755–58, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986), both of which involved instructions on circumstantial evidence substantially identical to the one given in this case. In *Whelan,* as in this case, the defendant failed to take exception to the challenged portion of the court's charge. As in *Whelan,* however, we review the defendant's claim of error

under the doctrine of *State* v. *Evans,* 165 Conn. 61, 70, 327 A.2d 576 (1973), because it "implicates the fundamental constitutional right that the state establish [the defendant's] guilt beyond a reasonable doubt." *State* v. *Whelan,* supra, 756.[4]

Turning to the merits of the defendant's claim, we first determine the appropriate standard of review. Where the principal factual issue at trial is intent, which is typically proven by circumstantial evidence, "we will closely scrutinize the court's instructions" on circumstantial evidence, in isolation from the remainder of the charge, to determine whether the court misled the jury as to the state's burden of proof. *State* v. *Mullings,* supra, 12; *State* v. *Whelan,* supra, 757; *State* v. *Rodgers,* 198 Conn. 53, 59, 502 A.2d 360 (1985); *State* v. *Farrar,* 7 Conn. App. 149, 155, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986). In this case, however, the defendant concedes, and the record reveals, that the principal factual issue at trial was not intent, but the identity of the perpetrator of the crimes. Identity, unlike intent, is not typically proven by circumstantial evidence. Accordingly, we review the court's instruction not in isolation, but in the context of the charge as a whole, to determine whether it is " 'reasonably possible that the jury was misled' " by an erroneous explanation regarding the use of circumstantial evidence. *State* v. *Whelan,* supra, 756; *State* v. *Mullings,* supra, 12; *State* v. *Reddick,* 197 Conn. 115, 132, 496

---

[4] Contrary to the state's argument, our determination that the defendant's claim of error qualifies for review under *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973), invariably precedes our consideration of the merits of the defendant's claim. We do not undertake substantive review of a claim not properly preserved at trial to determine if it warrants *Evans* review. Rather, "[o]nce it has been established that the *record adequately supports* a claim that a defendant has clearly been deprived of a fundamental constitutional right and a fair trial . . . the merits of the claim must be determined." (Emphasis added.) *State* v. *Torrence,* 196 Conn. 430, 435, 493 A.2d 865 (1985).

A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); *State* v. *Farrar,* supra, 155–56.

We agree with the defendant that the trial court erred in instructing the jury that it could infer facts from circumstantial evidence if it was "more probable than not" that the inferred facts were true. *State* v. *Rodgers,* supra, 57. Upon review of the charge in its entirety, however, we conclude that it is not reasonably possible that the jury was misled by this single erroneous description of the state's burden of proof. The trial court correctly instructed the jury on several occasions that the defendant was presumed to be innocent and that the state had the burden of proving each element of the crimes charged[5] beyond a reasonable doubt. Moreover, with regard to each count, the trial court specifically instructed the jury that the state was required to prove the defendant's identity as the perpetrator beyond a reasonable doubt. We hold, therefore, that "it was not reasonably possible that the isolated use of the phrase 'more probable than not' confused or misled the jury with regard to the state's heavy burden of proof." *State* v. *Mullings,* supra, 14; *State* v. *Walker,* 9 Conn. App. 373, 376–77, 519 A.2d 83 (1986), cert. denied, 202 Conn. 805, 520 A.2d 1286 (1987); *State* v. *Farrar,* supra, 156.

There is no error.

---

[5] In addition to the crimes charged in the amended information, the trial court also instructed the jury, pursuant to the defendant's request, on the crime of manslaughter in the first degree, as a lesser included offense of murder.