STATE OF CONNECTICUT *v.* ROBERT W. HAYNES
(9339)
(9340)

DUPONT, C. J., O'CONNELL and NORCOTT, Js.

Argued May 28—decision released August 13, 1991

*Elizabeth M. Inkster,* assistant public defender, with whom, on the brief, was *G. Douglas Nash,* public defender, for the appellant (defendant).

*Lawrence J. Tytla,* assistant state's attorney, with whom, on the brief, was *C. Robert Satti, Sr.,* state's attorney, for the appellee (state).

NORCOTT, J. This case presents two issues: (1) whether the trial court improperly instructed the jury on the state's burden of proof relative to circumstantial evidence and (2) whether the trial court improperly denied the defendant credit toward his term of probation.

The defendant, Robert W. Haynes, was charged by information with assault in the third degree in violation of General Statutes § 53a-61 and possession of narcotics in violation of General Statutes (Rev. to 1981) §§ 19-452 and 19-481 (a).[1] A jury found him guilty as

---

[1] General Statutes §§ 19-452 and 19-481 (a) are now codified at General Statutes §§ 21a-245 and 21a-279 (a), respectively.

charged, and he was sentenced to concurrent prison terms of one year on the assault charge and one and one-half to three years on the possession charge. Following the jury's verdict, the defendant was charged in a separate case with violating the terms of his probation, which had been imposed based on two prior convictions unrelated to this matter. The defendant admitted that he had violated his probation, and the court extended the probation for a period of five years to commence upon his release from incarceration.

The defendant's appeals from those judgments were consolidated for review. We affirm the first judgment in part and reverse it in part. We dismiss the appeal from the revocation of probation.

The charges against the defendant arose from an incident in a New London cafe on the evening of April 18, 1981. The victim, Cynthia Griffin, who owed the defendant ten dollars for a bag of heroin she had bought from him, went to the club that evening. During an encounter between them, an argument ensued, and the defendant struck her in her right eye with his fist, knocking her to the floor. At trial, Griffin testified that the defendant hit her after becoming angry over the money she owed. Two police officers testified that shortly after the incident they saw bruises about her eye and that it was puffy and red. The defendant called two witnesses who testified that they were in the club at the time of the incident but did not see him strike Griffin. The defendant did not testify, and no evidence was presented as to whether he hit Griffin accidentally or intentionally.

After she was struck, Griffin left the club to find a police officer. She summoned Officer Glenn Davis, gave him a description of the defendant and said that the defendant might have a weapon. After additional officers arrived, the police, accompanied by an acquaint-

ance of Griffin, entered the club in search of the defendant. After failing to find him, the police left and reentered shortly thereafter with Griffin. She identified the defendant, who at that time was talking on a pay telephone. At trial, police testified that, when the defendant noticed the officers, there was a brief, shiny flash in the air after the defendant made a movement with his right hand. Police testified that, when they first confronted the defendant, it was "very dark" inside the club, and from where they were standing they could not see the floor area adjacent to the telephone. They also testified that no one else was standing in the area at the time, and that the flash possibly could have resulted from the movement of buttons on a garment the defendant may have been wearing. Later, after the defendant was taken into custody, police used a flashlight to search the floor area near the telephone. They found a pouch containing heroin and a small New York City police badge on the floor in the area where the defendant had been standing. Police also found three empty glassine bags on the defendant's person.

The defendant claims that his assault conviction should be vacated because the trial court improperly instructed the jury on the state's burden of proof relative to the use of circumstantial evidence. He claims that the court's instruction permitted the jury to infer facts, including those pertinent to intent, on the basis of a preponderance of the evidence. The defendant argues that this had the effect of diluting the state's burden to prove the essential elements of a criminal charge beyond a reasonable doubt, thereby denying him his federal and state constitutional rights to due process. We disagree.

Although the defendant admits that he neither filed a request to charge nor excepted to the court's instruction, we review his claim under the *Evans-Golding*

doctrine[2] because "it 'implicates the fundamental constitutional right that the state establish [the defendant's] guilt beyond a reasonable doubt.' " *State* v. *Robinson,* 204 Conn. 207, 210, 527 A.2d 694 (1987), quoting *State* v. *Whelan,* 200 Conn. 743, 756, 513 A.2d 86, cert. denied, 479 U.S. 994, 107 S. Ct. 597, 93 L. Ed. 2d 598 (1986). First, we note that the defendant urges us to scrutinize closely the court's instruction to the jury on circumstantial evidence because intent was at issue in the trial. When the principal factual issue is intent, which is often proven through circumstantial evidence, a reviewing court will closely scrutinize jury instructions regarding use of circumstantial evidence. *State* v. *Robinson,* supra; *State* v. *Mullings,* 202 Conn. 1, 12, 519 A.2d 58 (1987); *State* v. *Whelan,* supra; *State* v. *Rodgers,* 198 Conn. 53, 59, 502 A.2d 360 (1985); *State* v. *Farrar,* 7 Conn. App. 149, 155, 508 A.2d 49, cert. denied, 200 Conn. 805, 512 A.2d 229 (1986). A review of the record shows, however, that intent was not at issue at trial with respect to the assault charge. Therefore, we review the court's instruction "not in isolation, but in the context of the charge as a whole, to determine whether it is ' "reasonably possible that the jury was misled." ' " *State* v. *Robinson,* supra; *State* v. *Mullings,* supra; *State* v. *Whelan,* supra; *State* v. *Reddick,* 197 Conn. 115, 132, 496 A.2d 466 (1985), cert. denied, 474 U.S. 1067, 106 S. Ct. 822, 88 L. Ed. 2d 795 (1986); *State* v. *Farrar,* supra, 155–56.

The trial court instructed the jury that it could infer the existence of one or more facts based on other facts offered into evidence if (1) "the fact from which you are asked to draw the inference has itself been proven beyond a reasonable doubt," and (2) such inference "is not only logical and reasonable but is strong enough so that you can find that is *more probable than not* that

---

[2] *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989); *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973).

the fact to be inferred is true." (Emphasis added.) While we agree with the defendant that the trial court improperly instructed the jury that it could infer facts from circumstantial evidence under the "more probable than not" standard, we find that such error was harmless as applied to the conviction of assault. The trial court instructed the jury numerous times that the state had the burden of proving all of the elements of the crime charged beyond a reasonable doubt. Moreover, assault is a crime that may be proven by direct evidence or through circumstantial evidence and inferences properly drawn therefrom. The state presented both direct evidence from the victim that the defendant was the perpetrator of the assault and circumstantial evidence from the testimony of the police officers that the defendant was guilty. After reviewing the jury instruction in its entirety, we are satisfied that " 'it was not reasonably possible that the isolated use of the phrase "more probable than not" confused or misled the jury with regard to the state's heavy burden of proof.' " *State* v. *Robinson,* supra, 211; *State* v. *Mullings,* supra, 14; *State* v. *Mason,* 186 Conn. 574, 585–86, 442 A.2d 1335 (1982); *State* v. *Walker,* 9 Conn. App. 373, 376–77, 519 A.2d 83 (1986), cert. denied, 202 Conn. 805, 520 A.2d 1286 (1987); *State* v. *Farrar,* supra, 156. Therefore, the conviction of assault is affirmed.

The defendant also claims that his conviction for possession of heroin was improper for the same reasons. We note at the outset that the state concedes that the trial court improperly instructed the jury and that the conviction cannot stand. The state also concedes that the principal factual issue at trial, possession, was established entirely through circumstantial evidence. In such a case, a reviewing court will closely scrutinize the trial court's jury instructions as to such evidence. *State* v. *Robinson,* supra, 210; *State* v. *Mullings,* supra, 12; *State* v. *Whelan,* supra, 757. Here, the court instructed the jury that it was entitled to draw reasonable infer-

ences from the evidence when "it is more probable than not that the fact to be inferred is true." From these inferences, the jury was thus permitted to draw the inference that the defendant possessed the heroin. Although the court also instructed the jury that every element of the offense must be proven beyond a reasonable doubt, we conclude that it nevertheless was reasonably possible the jury was misled with respect to the state's burden of proving possession beyond a reasonable doubt. *State* v. *Whelan,* supra, 758. We therefore reverse the defendant's conviction on this count.

Finally, the defendant asserts that the trial court improperly extended his probation and denied him credit for time served. Although we note that the defendant's conviction for assault provided a proper basis for extending his probation, we decline to consider these claims, as no controversy exists for this court to adjudicate. " ' "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow." ' " *McCallum* v. *Inland Wetlands Commission,* 196 Conn. 218, 225, 492 A.2d 508 (1985), quoting *Arnold Bernhard & Co.* v. *Planning & Zoning Commission,* 194 Conn. 152, 158, 479 A.2d 801 (1984). The defendant's term of probation has expired. Since the defendant is no longer being supervised under the term of probation, no relief exists that this court could grant. The defendant's appeal from the extension of his probation is dismissed.

The judgment is reversed only as to the conviction of possession of heroin and the case is remanded for a new trial on that charge; the appeal from the revocation of probation is dismissed.

In this opinion the other judges concurred.