[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an appeal from a decision of the East Hartford Planning and Zoning Commission permitting the East Hartford Board of Education to remove trees, stumps and brush and to grade and fill a certain parcel of property known as 869 Forbes Street.
Hearing on the matter was on November 14, 1990 and approval of the application was granted the same day.
Following the approval of the application, the plaintiff in this action took an appeal. Despite the taking of the appeal, the Town proceeded with the project, the trees were removed, the field in question had the stumps removed, and the holes left there were filled in with soil.
The present prospective use for the property is as a soccer or sports field.
In 1991, the stump holes, subject of this challenged administrative action, were filled by the defendant, East Hartford Board of Education. Thus, the plaintiff's challenge to the defendants approval of the filling of the stump holes is moot.
The existence of an actual controversy is all essential jurisdictional pre-requisite. Furstein v. Hill, 218 Conn. 610,627 (1991); Fromer v. Tree Warden, 26 Conn. App. 599, 600
(1992). It is not the province of the courts to decide questions, the determination of which cannot result in the granting of actual or practical relief. Winthal v. Fabrizi,26 Conn. App. 45, 47 (1991); State v. Haynes, 25 Conn. App. 472,478 (1991). CT Page 1397
A determination in the instant case cannot result in the granting of any meaningful relief. See, McCallum v. Inland Wetland Commission, 196 Conn. 218, 225 (1985).
An administrative appeal cannot result in injunctive or monetary awards. Cummings v. Tripp, 204 Conn. 67, 80, (1987).
In the absence of an actual and existing controversy, the courts will not issue opinions on points of law. Hallas v. Windsor, 212 Conn. 338, 347 (1989).
Accordingly, the Appeal is dismissed.
Kocay, J.